## PRAGER v. LEVY.

(Supreme Court, Appellate Term. February 23, 1905.)

CONTRACT OF EMPLOYMENT—PERFORMANCE—DELEGATION OF AUTHORITY.
    In an action to recover compensation on a contract of employment, for services rendered by plaintiff in procuring a reduction in the rate of fire insurance on defendant's property, plaintiff having shown that he procured the reduction, the fact that he procured it through others was immaterial.
    [Ed. Note.—For cases in point, see vol. 11, Cent. Dig. Contracts, § 1151½.]

Appeal from City Court of New York, Trial Term.

Action by Louis D. Prager against Lazarus Levy. From a judgment for plaintiff, defendant appeals. Affirmed.

This action was brought to recover the sum of $43,800 upon a contract of employment, and for services rendered for and at the request of the defendant by Joseph L. Prager, plaintiff's assignor, in procuring a reduction in the rate of fire insurance prevailing on defendant's building, and in securing for the defendant certain policies of insurance.

Argued before SCOTT, GIEGERICH, and McCALL, JJ.

Jacob Harris, for appellant.
Joseph L. Prager, for respondent.

PER CURIAM. We see no force in any of the points advanced by the appellant.

The personality of the one with whom the contract was made and the one who in fact did the work is immaterial. The reduction in rates contracted for was procured, and the defendant received the full benefit provided for in the agreement. The principle that an agent cannot delegate his power has no application to this case.

As to the $100 which the jury disallowed, there was evidence that a subsequent agreement was made that the defendant should receive this amount of benefit, additional to the reduction in rate already secured. If the jury saw fit to disallow that portion of the plaintiff's claim, the defendant has no just ground of grievance. The argument for reversal proceeds on the theory that, as the defendant had testified that this sum was to be used as a bribe, its disallowance by the jury demonstrates that they believed such testimony. They were distinctly charged, however, that, if they so believed, the plaintiff could not recover at all. Their verdict shows

that they regarded the $100 in question as an additional benefit due the defendant, rather than as a provision for a bribe which would invalidate the plaintiff's entire claim.

Judgment affirmed, with costs.